1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona

3  GAYLE HELART
   California State Bar No. 151861
4  Email: Gayle.Helart@usdoj.gov
   EMMA MARK
5  Arizona State Bar No. 032249
   Email: Emma.Mark@usdoj.gov
6  Assistant U.S. Attorneys
   Two Renaissance Square
7  40 N. Central Ave., Suite 1800
   Phoenix, Arizona 85004
8  Telephone: 602-514-7500
   Attorneys for Plaintiff

9

10              IN THE UNITED STATES DISTRICT COURT

11                 FOR THE DISTRICT OF ARIZONA

12   United States of America,              NO. CR 21-00192-PHX-SMB

13                      Plaintiff,          **PLEA AGREEMENT**

14          vs.

15

16   Aaron Gordon Holmes, Jr.,

17                      Defendant.

18       Plaintiff, United States of America, and the defendant, AARON GORDON HOLMES,

19  Jr. hereby agree to dispose of this matter on the following terms and conditions:

20  **1.    PLEA**

21       The defendant will plead guilty to Count 2 of the Indictment charging the defendant

22  with a violation of 18 United States Code (U.S.C.) §§ 2252(a)(2), (b)(1), and 2256,

23  Distribution of Child Pornography, a Class C felony offense.

24  **2.    MAXIMUM PENALTIES**

25       a.       A violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and 2256, is punishable by a

26  maximum fine of $250,000, a minimum term of imprisonment of 5 years, a maximum term of

27  imprisonment of 20 years, or both a fine and a term of imprisonment, and imposition of a

28

lifetime term of supervised release.  The minimum possible term of supervised release is five years.

b.        According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)        make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)        pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)        serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases);

(4)        pay upon conviction a $100 special assessment for the count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A); and

(5)        pay upon conviction a $5,000 special assessment pursuant to 18 U.S.C. § 3014(a) unless the Court makes a finding that the defendant is indigent.

c.        The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d.        The defendant acknowledges that pleading guilty to this offense will require him to register as a sex offender under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16911, et seq.  The defendant recognizes that failure to comply with the sex offender registration laws of any state, federal, or tribal jurisdiction to which he is subject can result in him being charged with a new state or federal criminal offense punishable by imprisonment or a fine, or both.

//

//

**3.**     <u>**AGREEMENTS REGARDING SENTENCING**</u>

    a.     Stipulation:  Range of Potential Sentence.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall be no less than 84 months of imprisonment, and no greater than 132 months of imprisonment (7-11 years).

    b.     Stipulation: Supervised Release.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that, upon release from imprisonment, the defendant shall be placed on a term of supervised release.  The defendant understands that the government may ask for a term of supervision of up to life.  The defendant further understands he may ask for any term including as low as 60 months, which is the minimum mandatory term provided under 18 U.S.C. § 3583(k).

    c.     Recommendation:  Psychosexual Assessment.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the defendant understands that, in accordance with 18 U.S.C. § 3552(b), the Court may order that the defendant submit to a psychosexual assessment prior to sentencing in this case.  If the assessment is ordered by the Court, the evaluation shall include, but may not be limited to, physiological testing, including the use of a polygraph.  The examiner shall be an approved provider as determined by the United States Probation Department.  If the assessment is ordered by the Court, the defendant agrees to contribute to the cost of this assessment in an amount to be determined by the Probation Department after the Probation Department has reviewed all financial and other information obtained in connection with the presentence investigation in this case.  If the assessment is ordered by the Court, the defendant agrees that all reports and information from the assessment shall be released to the Probation Department.  If the assessment is ordered by the Court, the parties stipulate and agree that any statements obtained from the defendant in connection with the examination shall not be used in the instant prosecution or any subsequent federal prosecution of the defendant in the District of Arizona.  However, any statements by the defendant and all information in the report may be used and considered by the parties, and the Court, as an aid in fashioning the appropriate sentence for the defendant.

      d.      Recommendation: Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

      e.      Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

      f.      Stipulation: Restitution. Pursuant to 18 U.S.C. § 2259, the United States and the defendant stipulate to the entry of a Restitution Order in the amount of $3,000.00 for each victim who is depicted in any image or video referenced in the count(s) of conviction who submits a claim for restitution. The defendant agrees that his criminal conduct in the present prosecution is the proximate cause of a portion of the injuries suffered by the aforementioned victim(s) and, as such, the stipulated award is reasonable and justified. The defendant understands that such restitution will be included in the Court's Order of Judgment. The defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

      g.      Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's

1  ability to satisfy any financial obligation imposed by the Court.   The defendant also shall
2  make full disclosure of all current and projected assets to the U.S. Probation Office
3  immediately and prior to the termination of the defendant's supervised release or probation,
4  such disclosures to be shared with the U.S. Attorney's Office, including the Financial
5  Litigation Unit, for any purpose.   Finally, the defendant shall participate in the Inmate
6  Financial Responsibility Program to fulfill all financial obligations due and owing under this
7  agreement and the law.

8  **4.**     **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

9        a.       The United States shall not prosecute the defendant for any additional offenses
10 committed by the defendant, and currently known by the United States, from the facts
11 determined in the current investigation.  The defendant understands, however, that the Court
12 will take into account all the facts learned in the investigation, including those that support
13 Counts 1-3, as relevant conduct.   At sentencing, the government will dismiss Counts 1 and 3.

14       b.       This agreement does not, in any manner, restrict the actions of the United
15 States in any other district or bind any other United States Attorney's Office.

16 **5.**    **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

17       a.       If the Court, after reviewing this plea agreement, concludes that any provision
18 contained herein is inappropriate, it may reject the plea agreement and give the defendant the
19 opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

20       b.       If the defendant's guilty plea or plea agreement is rejected, withdrawn,
21 vacated, or reversed at any time, this agreement shall be null and void, the United States shall
22 be free to prosecute the defendant for all crimes of which it then has knowledge and any
23 charges that have been dismissed because of this plea agreement shall automatically be
24 reinstated.  In such event, the defendant waives any and all objections, motions, and defenses
25 based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in
26 bringing later charges or proceedings.  The defendant understands that any statements made at
27 the time of the defendant's change of plea or sentencing may be used against the defendant in
28 any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.**     **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion, and except that the defendant may appeal the District Court's denial of the defendant's Motion to Suppress Evidence and Statements Obtained Pursuant to Illegal Search. (Doc. 29, 41, 55.) Pursuant to Fed. R. Crim. P. 11(a)(2), should the defendant prevail on an appeal of this limited issue, the defendant may withdraw his guilty plea.

Other than as to the one excepted issue, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel, of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)), or of a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) or the appeal the denial of such a motion.

**7.**     **DISCLOSURE OF INFORMATION**

a.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.     Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.      The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)      criminal convictions, history of drug abuse, and mental illness; and

(2)      financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.      FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

**FORFEITURE - CRIMINAL, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, or which was used to facilitate the commission of his offense, including, but not limited to, the following property: a phone seized by agents on February 12, 2021.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and

- 7 -

waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.  This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this indictment or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture, including that the forfeiture constitutes an excessive fine or punishment.  The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  The defendant further agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed property.  The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in

- 8 -

that forfeiture proceeding.

The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense(s).

The defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above. Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

9.   **ELEMENTS**

### Distribution of Child Pornography

On or about September 13-14, 2020, in the District of Arizona:

1.   The defendant knowingly distributed a visual depiction of child pornography;

2.   The visual depiction had been transported in interstate or foreign commerce, or produced using material that had been transported in interstate or foreign commerce, whether by computer or other means;

3.   The visual depiction was of a minor engaging in sexually explicit conduct (i.e. child pornography); and

4.   The defendant knew of the sexually explicit nature of the material and that the material depicted a minor engaged in sexually explicit conduct.

10.   **FACTUAL BASIS**

    a.      The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

I, AARON GORDON HOLMES, Jr., am a resident of Arizona, and lived within the Gila River Indian Community, between September 2020 and February 12, 2021. On September 13-14, 2020, I knowingly distributed child pornography to another user on a social media platform called Kik. I am aware that Kik is accessible through the internet, and I accessed my Kik account by connecting to the internet. Kik users are able to communicate with each other through their accounts and send files like picture and video files.

I knowingly distributed the child pornography through my account associated with email address angel.l.espinoza05@gmail.com and my user name "MisterSir456.

Seven child pornography files that I distributed were listed in Count 2 of the Indictment and they can be described as follows:

    **3fb2d6b1-9048-4aac-b445-77f76255711e.mp4:** This color video, with sound, is approximately 15 seconds in length and shows an adult man penetrating a nude girl's vagina with his penis and she appears no older than 11.

    **4aaab3d2-02f4-4aa8-8635-cf9d96b8fdbc.mp4:** This color video, with sound, is approximately 44 seconds in length and shows, among other sex acts, an adult man anally penetrating a nude girl who appears no older than 10.

    **664d2ca9-cb80-46bb-a9e5-88865b8c01ae.jpg:** This color image is a close up of an adult male anally penetrating a prepubescent girl with his penis.

    **959ddbe2-38bf-497d-9a4c-9c9b4744d64a.mp4:** This color video, with sound, is approximately 1 minute in length and shows, among other sex acts, an adult man engaging in sex acts with two girls who look to be no older than 6 and no older than 14 years old, including the older girl performing oral sex on the man, and the man penetrating the younger girl with his penis.

    **340027b9-0cdf-461b-a6ce-dbd6bc220ea1.mp4:** This color video, with sound, is approximately 31 seconds in length and shows, among other sex acts, an adult man penetrating a prepubescent girl's vagina with his penis.

- 10 -

**bdee4d71-1291-4b21-ae3b-ac36dcba570d.jpg:** This color image is a close up of an adult male vaginally penetrating a prepubescent girl with his penis, shown from above with the girl laying on her back and her genitals exposed.

**c0106c35-b906-490d-bd67-479e1efc22bd.mp4:** This color video, with sound, is approximately 1 minute and 2 seconds in length showing an adult man rubbing his penis on a nude girl's genitals and ejaculating.  The girl appears no older than 8.

      b.     The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

      I have read this agreement and carefully reviewed every part of it with my attorney.  I understand it and I voluntarily agree to it.

      I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent ad refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

      I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

      I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

1  My guilty plea is not the result of force, threats, assurances, or promises, other than the
2  promises contained in this agreement.  I voluntarily agree to the provisions of this agreement
3  and I agree to be bound according to its provisions.

4  I understand that if I am granted probation or placed on supervised release by the Court,
5  the terms and conditions of such probation/supervised release are subject to modification at
6  any time. I further understand that if I violate any of the conditions of my probation/supervised
7  release, my probation/supervised release may be revoked and upon such revocation,
8  notwithstanding any other provision of this agreement, I may be required to serve a term of
9  imprisonment or my sentence otherwise may be altered.

10  This written plea agreement, and any written addenda filed as attachments to this plea
11  agreement, contain all the terms and conditions of the plea.  Any additional agreements, if any
12  such agreements exist, shall be recorded in a separate document and may be filed with the
13  Court under seal; accordingly, additional agreements, if any, may not be in the public record.

14  I further agree that promises, including any predictions as to the Sentencing Guideline
15  range or to any Sentencing Guideline factors that will apply, made by anyone (including my
16  attorney) that are not contained within this written plea agreement, are null and void and have
17  no force and effect.

18  I am satisfied that my defense attorney has represented me in a competent manner.

19  I fully understand the terms and conditions of this plea agreement.  I am not now using
20  or under the influence of any drug, medication, liquor, or other intoxicant or depressant that
21  would impair my ability to fully understand the terms and conditions of this plea agreement.

22
23  4/8/22
    Date

    Aaron Gordon Holmes, Jr.
24  Defendant

25  **APPROVAL OF DEFENSE COUNSEL**

26  I have discussed this case and the plea agreement with my client in detail and have
27  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional
28  and other rights of an accused, the factual basis for and the nature of the offense to which the

- 12 -

1   guilty plea will be entered, possible defenses, and the consequences of the guilty plea including

2   the maximum statutory sentence possible. I have further discussed the concept of the advisory

3   Sentencing Guidelines with the defendant. No assurances, promises, or representations have

4   been given to me or to the defendant by the United States or any of its representatives that are

5   not contained in this written agreement. I concur in the entry of the plea as indicated above

6   and that the terms and conditions set forth in this

7   agreement are in the best interests of my client. I agree to make a bona fide effort to ensure

8   that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9

10  Date  4/8/22

    JANE MCCLELLAN
11  MARK RUMOLD
    Attorneys for Defendant

12          **APPROVAL OF THE UNITED STATES**

13      I have reviewed this matter and the plea agreement. I agree on behalf of the United States

14  that the terms and conditions set forth herein are appropriate and are in the best interests of

15  justice.

16                      GARY M. RESTAINO
                        United States Attorney
17                      District of Arizona

18                      GAYLE      Digitally signed
                        HELART     by GAYLE HELART
                                   Date: 2022.04.08
19  Date                           16:20:26 -07'00'
                        Gayle L. Helart / Emma Mark
                        Assistant U.S. Attorneys

20              **ACCEPTANCE BY THE COURT**

21

22  Date  October 12, 2022

                        HONORABLE SUSAN M. BRNOVICH
23                      United States District Judge

24

25

26

27

28

                            - 13 -